44335, 44336.   TRIPP et al. v. HOLDER, Ordinary, et al. and vice versa.

ARGUED MARCH 3, 1969—DECIDED APRIL 29, 1969.

*McDonald & Mills, Ben B. Mills, Jr., Duross Fitzpatrick*, for appellants.

*Smith & Harrington, Wilton D. Harrington*, for appellees.

QUILLIAN, Judge. ■ The parties stipulated that in the pri-

mary at which defendant Cadwell was chosen as Democratic nominee for the office of Commissioner of Roads and Revenues of Dodge County, the plaintiff Tripp served as a poll officer. *Code Ann.* § 34-503 (Ga. L. 1964, Ex. Sess., pp. 26, 43) provides: "No poll officer shall be eligible to any nomination or public office to be voted for at a primary or election at which he shall serve." In our view, this statute is controlling. Its language is broad and unequivocal in scope and purpose. The statute declares that one who serves as a poll officer is ineligible: (1) for a nomination to be voted for at either a primary or an election at which he shall serve; (2) for public office to be voted for at a primary or an election at which he shall serve. There is no indication that this provision was designed merely to prohibit one acting in such capacity from running in the particular primary in which he was involved. Instead the language compels us to the conclusion that the legislature intended that a poll officer be as Caesar's wife, above reproach or suspicion.

While there are cases holding that an election will not be voided even though a poll officer was not qualified (see Ann., 1 ALR 1535, 1541; *King v. Board of Education*, 42 Ga. App. 563, 570 (156 SE 710), affirmed by an equally divided court in *King v. Board of Education*, 174 Ga. 685 (164 SE 52)), a different situation is presented here. This statute is not merely a prohibition relative to a candidate serving as a poll officer, but instead emphatically provides that a poll officer is ineligible to be a candidate. Thus, it deals imperatively with the qualifications of a candidate. While the plaintiff's acting as a poll officer might not invalidate the primary at which he served, it would disqualify him to hold the office which was voted for at the primary. Hence, the effect is not to void the election but to disqualify the prospective candidate.

*Code Ann.* § 34-103 (r) (Ga. L. 1964, Ex. Sess., pp. 26, 28) provides: "The words 'party nomination' shall mean the selection by a political party, in accordance with the provisions of this Code, of a candidate for a public office authorized to be voted for at an election." Regardless of whether the ordinary had authority to pass upon the plaintiff's qualifications (see Black v. Salter, Civil Action 2401, Middle District of Ga., now

pending in the Fifth Circuit), it is apparent that the plaintiff was not qualified since he was ineligible to serve and there was no error harmful to him in excluding his name from the ballot.

Under the applicable provision of the Election Code the result of a primary or election may be contested for "malconduct, fraud or irregularity by any primary or election official or officials *sufficient to change or place in doubt the result.*" *Code Ann.* § 34-1703 (a) (Ga. L. 1964, Ex. Sess., pp. 26, 178). It is evident that the exclusion of the ineligible nominee would not have changed the results of the contested election or cast doubt upon its outcome.

■ The defendants expressly abandoned their cross appeal, complaining of the trial judge overruling their plea of res judicata, hence there will be no consideration of this issue.

*Judgment on main appeal affirmed; cross appeal dismissed. Felton, C. J., and Pannell, J., concur.*